UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PARIS A. WASHINGTON,
    Plaintiff,

v.                                                                                                     Case No. 20-C-1606

STEVEN HUTSON, et al.,
    Defendants.

## ORDER

On July 26, 2021, the defendants moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before bringing this lawsuit. ECF No. 19. The court ordered the plaintiff to respond to the motion within thirty days—by August 25, 2021. Text Only Order of July 27, 2021. The court advised the plaintiff that if he did not respond as the Federal and Local rules require, the court would consider the motion unopposed and rule on it without his input. *Id.* This order was sent to the plaintiff at the address provided to the court when he was released from prison. ECF No. 16.

The August 25, 2021 deadline has passed, and the plaintiff has not responded. As such, I will construe the motion as unopposed. I have reviewed the defendants' motion, brief and declarations in support, and the undisputed facts. *See* Fed. R. Civ. P. 56(e)(2). I conclude that the plaintiff failed to exhaust his administrative remedies, and the defendants are entitled to summary judgment. I will dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").[1]

---

[1] Because I am granting the defendants' motion for summary judgment, I will deny their motion to dismiss, which is moot. ECF No. 27.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (ECF No. 27) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 23rd day of March, 2022.

_____
LYNN ADELMAN
United States District Judge